**Angel SILVERIO, Plaintiff,**

v.

**KONINKLIJKE NEDERL. STOMB. MAATS., Defendant.**

**No. 77 Civ. 1103 (GLG).**

United States District Court,
S. D. New York.

Jan. 13, 1978.

Zimmerman & Zimmerman, New York City, for plaintiff, by John F. X. McKiernan, New York City, of counsel.

Burlingham, Underwood & Lord, New York City, for defendant, by William M. Kimball, New York City, of counsel.

OPINION

GOETTEL, District Judge.

This negligence action under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–50 (1970 & Supp. V 1975), has been submitted to the

Court on a stipulation of facts. Under the stipulated facts, and on the authority of the opinion of this Court in *Espinoza v. United States Lines, Inc.,* 444 F.Supp. 405 (S.D. N.Y. 1978), the Court dismisses the plaintiff's complaint.

## I.

The relevant facts, as stipulated by the parties, are as follows:

1. Plaintiff, a longshoreman, was allegedly injured on March 6, 1974, while working aboard the defendant's vessel, the M/S Hermes, at the 39th Street terminal in Brooklyn, New York.

2. At the time of his alleged injury, plaintiff was employed by Northeast Stevedoring Co.

3. Plaintiff was allegedly injured when he slipped on grease spots on the aft coaming of No. 3 Hatch.

4. Plaintiff does not know the source of the grease spots, or for how long the grease had been on the coaming before he was injured.

5. Following the accident, plaintiff was treated for injuries to his left hip, left knee and left ankle, and he did not return to work until June 10, 1974.

6. Although the plaintiff has submitted no proof as to the origin of the grease spots or the length of time they existed before he slipped, the parties have agreed that the ship was loading cargo at the time of the accident (and had been for some hours), and that the longshoremen were using the customary tracks or "runners," which usually are coated with grease to prevent rust, and from which grease could have fallen to the coaming. The plaintiff, in his deposition, stated that he saw some of the grease spots before he slipped, and that the color of some of them indicated to him that they were not "fresh" grease. There was no evidence, however, as to exactly how long the ship had been loading, or for how many days the stevedores had been working aboard her. The parties do agree that the ship had been loading at least since the morning of the day of the accident and that the accident occurred in the afternoon of that day.

Consequently, the Court is unable to determine if the grease could have been on the coaming before the stevedoring operations began. The most that can be said is that the plaintiff has failed to sustain his burden of proof on the issue of when the dangerous condition arose.

## II.

Under the standard of negligence set out in *Espinoza, supra,* the shipowner cannot be liable for injuries caused by a dangerous condition arising during the stevedoring operations, unless it has actual knowledge of the condition and fails to take proper remedial action. In this case, the plaintiff has offered no evidence from which it could be inferred that any member of the ship's personnel was aware of the grease spot before plaintiff's accident. Further, the only reasonable inference that can be drawn from the facts as stipulated is that the dangerous condition that caused the plaintiff's slip arose during the loading operation in which the plaintiff was participating. Therefore, under the *Espinoza* standard, it is clear that the defendant cannot be liable, as it had no actual knowledge of the dangerous condition arising during the stevedoring operation.

For these reasons, the Court finds that the defendant cannot be liable for negligence and dismisses the plaintiff's complaint. This opinion shall constitute the Court's findings and conclusions under Fed. R.Civ.P. 52(a). Judgment will be entered accordingly.

SO ORDERED.